(No. 5762.   January 25, 1932.)

PEARL LAWSON, Respondent, v. E. B. ROBERTSON, Appellant.

[7 Pac. (2d) 946.] ·

Rhodes & Estabrook, for Appellant.

Thos. E. Buckner and Donald Anderson, for Respondent.

GIVENS, J.—November 5, 1927, W. P. Small and his wife gave a certain chattel mortgage to the Caldwell State Bank,

covering, among other personal property, a certain horse, which is the only property covered by said mortgage also covered by respondent's mortgage involved herein.

August 8, 1928, the same parties gave a mortgage to the same bank, covering the Chrysler automobile and certain turkeys involved herein.

August 11, 1928, the Smalls gave a chattel mortgage to respondent, covering, among other personal property, the turkeys, automobile and horse mentioned above. During all the time involved herein, there was a title retaining note on the automobile, originally held by the Commercial Credit Company, later (as found in effect by the court) assigned to, or purchased by one Patrick for the benefit of appellant.

November 10, 1928, appellant recovered judgment against Small in the Canyon county probate court, and November 20th, of the same year, sold under execution against Small, among other property, the horse, turkeys and automobile mentioned above.

The controversy now, except as to the claimed invalidity of respondent's mortgage, revolves around only the automobile.

At the time of the above noted execution sale, respondent served notice on the sheriff, that she had a mortgage on the automobile, filed for record, past due, and unsatisfied.

November 26, 1928, the mortgages of the Caldwell State Bank were assigned to appellant, who thereafter, by notice and sale, sought to foreclose them. This sale, however, did not include the automobile.

The present action was instituted by respondent to recover the value of the property alleged to have been converted by appellant; namely, so far as material herein, the Chrysler automobile.

Appellant contends there was no valid consideration for the mortgage given by Smalls (respondent's sister and brother-in-law) to respondent, and was in fraud of creditors.

Appellant by his answer to the amended complaint in effect alleged that there was due and unpaid on the title retaining note on the automobile, an unpaid balance, and

that this note was, on December 6, 1928, assigned to L. Patrick of Portland, Oregon, who thereupon took possession of the automobile.

Contrary to appellant's contention, the evidence justified the trial court in sustaining the validity of respondent's mortgage, and the finding in that particular is sufficient, and warrants affirmance of the judgment in favor of respondent as to the value of the turkeys, horse, and as to this feature of the case, the automobile.

Appellant contends that the car was repossessed by the Commercial Credit Company, for which, he contends, he should not be responsible, nor did the court so hold him. The tortious taking for which the court held appellant responsible was the levy on the automobile under the execution on the judgment against Small; not on any of the foreclosures. The trial court, however, found that the assignment to Patrick was in effect a purchase by Robertson of the title retaining note, and that the repossession was by him, or for his benefit, and the evidence is amply sufficient to sustain this solution. Nor was this conclusion inconsistent with the award to appellant of the unpaid portion of the title retaining note, but in complete protection of appellant's rights, as the evidence appeared to the court, and of which appellant certainly cannot complain. The court did not award anything against him because the title retaining note was enforced, but carefully protected his rights in this regard, even though he disclaimed any. The damages reflected in the found value of the car and carried into the judgment, were for the wrongful taking at the time of the execution sale.

On oral argument, appellant contended that the complaint was insufficient to justify the relief granted because it was not alleged that there was a tender to appellant, of the unpaid amount due and owing on the title retaining note. There are several reasons why this contention is of no merit: First, it is not assigned as error; second, appellant interposed no demurrer to the amended complaint; third, the answer did not allege that appellant owned the note

or had paid to the Commercial Credit Company the amount due, or was entitled to reimbursement therefor; fourth, the court deducted this amount from the value of the car, entering judgment against appellant only for the difference; hence, appellant has suffered no prejudice whatever, in connection therewith. (See 38 Cyc. 2058 (b).)

The trial court, on conflicting but sufficient evidence to sustain his view of the matter, found in effect that respondent had a valid mortgage on the automobile; that appellant took the automobile without right (appellant claimed no right to the car by reason of the unpaid title retaining contract); hence, concluded that respondent was entitled to recover it or its value, there being deducted therefrom the unpaid balance on the title retaining note.

Judgment affirmed; costs to respondent.

Lee, C. J., and Budge, Varian and Leeper, JJ., concur.